Case 4:24-cv-02440   Document 16   Filed on 09/05/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCIS ST. AMAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02440 |
| | § | |
| EKRE OF TX, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court are the defendant's, EKRE of TX, LLC ("EKRE"), motion to compel arbitration (Dkt. No. 8) and the plaintiff's, Francis St. Armand's ("Armand") motion to remand (Dkt. No. 10). The parties have replied to each other's respective motions (Dkt. Nos. 13, 14), and the defendant has filed a reply in support of its motion to compel arbitration (Dkt. No. 15).  After reviewing the motions, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the plaintiff's motion should be **GRANTED**. As the Court lacks jurisdiction over this matter, it offers no opinion on defendant's motion to compel arbitration.

**II.   FACTUAL BACKGROUND**

The contentions of the parties in their motions demonstrate that significant disagreement exists between the parties on the facts of the case. Therefore, and because the Court finds below that remand is appropriate, it will limit itself only to those facts which are necessary.

This case originates in a real estate transaction concerning a property located at 3401 LeBadie Street, Houston, Texas 77026. It is undisputed that at least prior to the property sale at

issue the plaintiff owned the property. On June 27, 2022, the general warranty deed at issue was executed between the defendant and a party purporting to act as plaintiff's "Attorney in Fact." Further factual background is unnecessary for the Court's determination at this time.

On May 22, 2024, the plaintiff filed a petition in the 55th Harris County District Court. Plaintiff titled their petition "Original Petition to Set Aside Fraudulent Real Estate Conveyance." On June 28, 2024, the defendant filed a notice of removal in this court. The defendant relied solely on the Court's federal question jurisdiction and refrained from providing the Court with diversity jurisdiction information.

On July 5, 2024, the defendant filed a motion of compel arbitration and on July 15, 2024, the plaintiff filed a motion to remand. Each motion is now fully briefed by the parties.

### III.   STANDARD OF REVIEW

As an initial matter, "'[i]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Prescott v. UTMB Galveston Texas,* 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation and quotation marks omitted in original)). The court must use "common sense" in interpreting a pro se party's pleadings and give them a "liberal yet realistic construction." *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 260 (5th Cir.1976) (citation omitted); *Johnson v. Estelle*, 625 F.2d 75, 77 (5th Cir.1980). This standard for pro se parties applies broadly and requires to the court to "fairly" interpret a pro se plaintiff's actions. *See e.g., Eggert v. Britton,* 223 Fed. Appx. 394, 398 (5th Cir. 2007).

This is especially important here given that the plaintiff moves for remand and any "'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'"

*Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir.2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), cert. denied, 530 U.S. 1229 (2000)).

The plaintiff's motion for remand will be addressed first because it calls into question the Court's jurisdiction over this dispute.

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127–28, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). Since federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151. Further, the party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction. *Id*. Any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in

controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § § 1331, 1332. Federal question jurisdiction is at issue here.

When determining whether a claim "arises under" federal law, courts are to reference the well-pleaded complaint. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (*citing Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983)). It is a long-standing principle of federal question jurisdiction that the federal question must be: "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 111 (1936).

## IV.    ANALYSIS & DISCUSSION

In light of the Court's duty to use common sense in interpreting the plaintiff's pleadings, it is clear that the plaintiff moves for remand on the basis that her only claim in this case is for the fraudulent transfer of the property. The plaintiff argues that her claim is governed by the Uniform Fraudulent Transfer Act ("UFTA"). Although she does not identify it, the plaintiff is correct that Texas has adopted the UFTA and codified it within Texas law. *See* TEX. BUS. AND COM. CODE Ch. 24, Uniform Fraudulent Transfer Act.

The defendant, in its reply, argues that plaintiff's original petition filed in Harris County District Court alleged a violation of federal law in the form of a Fair Debt Collection Practices Act ("FDCPA") violation. The defendant argues that the plaintiff "does not and cannot dispute that she expressly invoked the FDCPA" as a "free-standing federal claim." The Court disagrees.

The Court turns to the face of the plaintiff's original petition. First, there is the plaintiff's chosen title "Original Petition to Set Aside Fraudulent Real Estate Conveyance." Second, the plaintiff seeks relief in the form of "set[ting] aside the fraudulent conveyance" with a declaration that any supporting documents are void. The plaintiff primarily argues that the conveyance was

fraudulent because the documents underlying the sale were not signed by the plaintiff or the individual who she delegated a power of attorney to prior to the purported sale. In the alternative the plaintiff argues that the purchase agreement and accompanying agreements are unenforceable based on their terms.

The plaintiff references the FDCPA in exactly one line. This reference appears in a passage of the plaintiff's petition in which she also references another state court lawsuit between the parties and recounts its procedural history. Given the reference's placement, the Court does not read this single reference nested among the history of the parties to constitute a free-standing claim in this lawsuit of an FDCPA violation. Whether the Court interprets these as a single claim for fraudulent conveyance under UFTA or various claims sounding in the UFTA and state property law, there is no free-standing claim or remedy requested under federal law. Given that the FDCPA governs debt collection, the Court doubts such a claim could constitute a substantial question of federal law within a fraudulent transfer. *See* 15 U.S.C. 1692; *see also Howery v. Allstate Ins. Co.,* 243 F.3d 912, 917 (5th Cir. 2001). In short, there is no reasonable construction of the plaintiff's petition that raises a federal question.

The defendant is correct in its response that case law exists supporting federal question jurisdiction based on allegations of FDCPA violations. Having reviewed the cases, the Court has determined those cases concerned petitions filed in state court that clearly and expressly alleged FDCPA violations. In *French v. EMC Mortg. Corp.,* 556 Fed. Appx. 285 (5th Cir. 2014), the Fifth Circuit Court of Appeals addressed a plaintiff who "assert[ed] a cause of action under this federal statute [the FDCPA]." *Id.* at 287. In *Burke v. Ocwen Loan Servicing, LLC*, 855 Fed. Appx. 180 (5th Cir. 2021), the plaintiffs "allege[d] violations in the very first paragraph of their complaint" of at least three different federal statutes. *Id.* at 184. In *Snipes v. Suntrust Mortg., Inc.,* No. 4:11-

CV-00743, 2011 WL 3502800 (S.D. Tex. Aug. 10, 2010), this Court dealt with a petition that alleged "violat[ions] of three federal statutes" and specifically sought damages based on those violations. *Id.* at *4. None of those facts are present in this case, nor are they analogous to a single reference to a federal statute in the midst of the recounting of the parties' prior dealings.

## V.  CONCLUSION

Based on the foregoing analysis and discussion, the motion to remand by Francis St. Amand is **GRANTED**. The case is **REMANDED** to the Harris County 55th District Court of Harris County, Texas.

It is so **ORDERED**.

SIGNED on September 5, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge